# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELODY ALDEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.<br><br>　　　　Defendants. | Case No.: 1:14-cv-01663- --- -JLT<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER, AND FAILURE TO APPEAR AT THE STATUS CONFERENCE RE CONSENT/SCHEDULING CONFERENCE |

　　　　The Court held its Status Conference re: Consent/Scheduling Conference on February 9, 2015. Counsel for Plaintiff Melody Alden failed to appear at the conference.

　　　　On October 24, 2014, this Court issued its "Order Setting Mandatory Scheduling Conference." (Doc. 2.)  The parties were informed that "[a]ttendance at the Scheduling Conference is *mandatory* upon each party not represented by counsel or, alternatively, by retained counsel." (*Id.* at 2, emphasis in original.)  Further, the Court warned the parties: "**SHOULD COUNSEL OR A PARTY APPEARING PRO SE FAIL TO APPEAR AT THE MANDATORY SCHEDULIGN CONFERENCE, OR FAIL TO COMPLY WITH THE DIRECTIONS AS SET FORTH ABOVE, AN EX PARTE HEARING MAY BE HELD AND JUDGMENT OF DISMISSAL, DEFAULT, OR OTHER APPROPRIATE JUDGMENT MAY BE ENTERED, OR SANCTIONS INCLUDING CONTEMPT OF COURT, MAY BE IMPOSED AND/OR ORDERED.**" (*Id.* at 8, emphasis in original.)  Despite these warnings, Plaintiff and her counsel failed to appear at the

1  Scheduling Conference.

2      The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a
3  party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any
4  and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have
5  inherent power to control their dockets," and in exercising that power, a court may impose sanctions
6  including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831
7  (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute
8  an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v.*
9  *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order);
10 *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with
11 a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to
12 prosecute and to comply with local rules).

13     Accordingly, Plaintiff is **ORDERED** to show cause within fourteen days of the date of service
14 of this Order why the action should not be dismissed for her failure comply with the Court's order
15 (Doc. 2), and failure to appear at the Court's Scheduling Conference.

17 IT IS SO ORDERED.

18   Dated: **February 17, 2015**     **/s/ Jennifer L. Thurston**
19                                                                          UNITED STATES MAGISTRATE JUDGE